## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **WOODROW WOLFE, III,** | **Case No. 1:21-CV-01947** |
| **Plaintiff,** | |
| **-vs-** | |
| | **JUDGE PAMELA A. BARKER** |
| **OHIO DEPARTMENT OF CORRECTIONS AND REHABILITATION, ET AL.,** | **MEMORANDUM OPINION & ORDER** |
| **Defendants.** | |

This matter comes before the Court upon the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (b)(2), and (b)(6) of Defendant Warden Tim McConahay and Interested Party the State of Ohio[1] filed on November 9, 2021.  (Doc. No. 4.)  Plaintiff Woodrow Wolfe, III ("Plaintiff") filed a Memorandum Contra on November 23, 2021 (Doc. No. 5) to which Defendants replied and then filed an Amended Reply on December 7, 2021 (Doc. Nos. 6, 8).

For the following reasons, Defendants' Motion is GRANTED.

### I.    Background

According to the Complaint, on or around October 13, 2019, Plaintiff was attacked by two unknown corrections officers and a lieutenant while he was an inmate at the Mansfield Correctional Institution.  (Doc. No. 1, ¶¶ 9-11.)  Plaintiff alleges that this attack was unprovoked.  (*Id.* at ¶ 11.)  As a result of the attack, Plaintiff alleges that he was severely injured and required treatment, including

---

[1] As the State of Ohio has filed this Motion on behalf of Warden Tim McConahay ("Warden McConahay"), the State of Ohio, Ohio Department of Rehabilitation and Corrections ("ODRC"), and unidentified Corrections Officers John/Jane Does 1-25 (Doc. No. 4 at 1, n.2), the Court will collectively refer to these parties as "Defendants."

a surgery to address a bone protrusion on the back of his head, a surgery that Plaintiff claims he did not consent to.  (*Id.* at ¶¶ 14-15.)  As a result of the attack, Plaintiff alleges that he has "incurred lost income, experienced permanent disfigurement, experienced pain and suffering, lost enjoyment of life, and lost consortium with [Plaintiff's] loved ones and family."  (*Id.* at ¶ 21.)

On October 13, 2021, Plaintiff filed his Complaint against the following defendants: (1) State of Ohio, Ohio Department of Corrections and Rehabilitation; (2) Tim McConahay, Warden; (3) Corrections Officers John/Jane Does 1-25; and (4) the Ohio Department of Medicaid.  In his Complaint, Plaintiff sets forth two claims under 42 U.S.C. § 1983 against Defendants seeking monetary damages.  (*Id.* at ¶¶ 24-43.)  Under Count One, Plaintiff claims that the corrections officers and the State of Ohio "acted with a perverse disregard of a known risk in injuring" Plaintiff in violation of the Eighth Amendment and "acted with deliberate indifference regarding [Plaintiff's] serious medical needs."  (*Id.* at ¶¶ 27-30.)  Under Count Two, Plaintiff claims the corrections officers and the State of Ohio maintain "a policy or practice that approves of escalation of violence as a response to inmate disputes," or, alternatively, that a "failure to adequately train their respective corrections officers amounts to deliberate indifference to the rights of person with whom its officers come into contact."  (*Id.* at ¶¶ 36-39.)  Plaintiff also brings claims under Ohio law for intentional infliction of emotional distress (Count Three) and spoilation of evidence (Count Four).  (*Id.* at ¶¶ 44-62.)

On November 9, 2021, Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (b)(2), and (b)(6).  (Doc. No. 4.)  Although Defendants indicated in their Motion caption that they are moving under Rule 12(b)(2), Defendants did not address the standard of review for Rule 12(b)(2) or include any argument associated therewith.  Plaintiff filed a Memorandum Contra on

2

November 23, 2021 (Doc. No. 5) to which Defendants replied on December 7, 2021 (Doc. Nos. 6, 8).[2] As such, Defendants' Motion is ripe for consideration.

## II.    Standard of Review

### A.    Fed. R. Civ. P. 12(b)(1)

Defendants move for dismissal of Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). The standard of review of a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction depends on whether the defendant makes a facial or factual challenge to subject matter jurisdiction. *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 816-17 (6th Cir. 2017). A facial attack "questions merely the sufficiency of the pleading" and requires the district court to "take[] the allegations in the complaint as true." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). To survive a facial attack, the complaint must contain a short and plain statement of the grounds for jurisdiction. *See Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016); *Ogle v. Ohio Civil Serv. Emps. Ass'n, AFSCME, Local 11*, 397 F. Supp. 3d 1076, 1081-82 (S.D. Ohio 2019).

A factual attack, on the other hand, "raises a factual controversy requiring the district court to 'weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist.'" *Wayside Church*, 847 F.3d at 817 (quoting *Gentek Bldg. Prods., Inc.*, 491 F.3d at 330). The plaintiff has the burden of proving jurisdiction when subject matter jurisdiction is challenged. *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986).

### B.    Fed. R. Civ. P. 12(b)(6)

---

[2] Defendants filed an Amended Reply shortly after filing an initial Reply. (Doc. Nos. 6, 8.) In their Amended Reply, Defendants clarified that they meant to list ODRC as a Defendant. Any references to the Defendants' Reply will be to their Amended Reply. (Doc. No. 8.)

Defendants also move to dismiss Plaintiff's Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Under Fed. R. Civ. P. 12(b)(6), the Court accepts Plaintiff's factual allegations as true and construes the Complaint in the light most favorable to Plaintiff.  *See Gunasekara v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).  To survive a motion to dismiss under this Rule, "a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'"  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).

The measure of a Rule 12(b)(6) challenge—whether the Complaint raises a right to relief above the speculative level—"does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'"  *Bassett v. Nat. Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555-56).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Deciding whether a complaint states a claim for relief that is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Consequently, examination of a complaint for a plausible claim for relief is undertaken in conjunction with the "well-established principle that 'Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  *Gunasekera*, 551 F.3d at 466 (quoting *Erickson v. Pardus*,

551 U.S. 89, 93 (2007)).  Nonetheless, while "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Iqbal*, 556 U.S. at 679.

### III.    Analysis

As an initial matter, Plaintiff includes the Ohio Department of Medicaid as a defendant because it "may have a subrogation and/or reimbursement interest in the resolution of the instant dispute under the applicable law given medical benefits that have been paid or may be paid by the Ohio department of Medicaid on behalf of [Plaintiff] related to his injuries alleged herein."  However, Plaintiff asserts no claims against the Ohio Department of Medicaid in his Complaint.  (*See* Doc. No. 1.)  Accordingly, pursuant to Fed. R. Civ. P. 12(b)(6), and because the rest of Plaintiff's Complaint does not survive, the Court dismisses Defendant Ohio Department of Medicaid.

### A.    Whether Plaintiff Sued Defendants Warden McConahay and Corrections Officers John/Jane Does 1-25 in Their Individual and/or Official Capacities

Before addressing Plaintiff's claims against Defendants, the Court must first decide whether Plaintiff brought his claims against Defendants Warden McConahay and Corrections Officers John/Jane Does 1-25 in their individual capacities, official capacities, or both.  Defendants argue that Plaintiff has sued Defendants Warden McConahay and Corrections Officers John/Jane Does 1-25 in their official capacities only, noting that "there is nothing in the Complaint indicating that Plaintiff intends to sue any of the named Defendants or unidentified Defendants in their individual capacity."  (Doc. No. 4 at 9.)  Plaintiff does not argue that he intends to sue any of the Defendants in their individual capacities.  (Doc. No. 5.)  Rather, Plaintiff merely argues that a plaintiff "may sue state officials for monetary damages in their individual capacities under 42 U.S.C. § 1983 without running afoul of the Eleventh Amendment."  (*Id.* at 7.)  While Plaintiff sets forth a correct summary of the

5

law, he does not claim or attempt to argue that he sued Warden McConahay and/or Correction Officers John/Jane Does 1-25 in their individual capacities.

For the following reasons, the Court finds that Plaintiff sued Warden McConahay and Corrections Officers John/Jane Does 1-25 in their official capacities only.  "Generally, plaintiffs must designate in which capacity they are suing defendants; if not, by operation of law, defendants are deemed sued in their official capacities."  *Soper v. Hoben*, 195 F.3d 845, 853 (6th Cir. 1999).  Here, the Complaint identifies Defendants Warden McConahay and Corrections Officers John/Jane Does 1-25 by their official titles only.  Further, the only allegations against these Defendants concern actions taken in their official capacities.  The Complaint does not, at any point, refer to Defendants' alleged conduct or obligations in their individual capacities.  Rather, oddly, the Plaintiff alleges in his Complaint that "[t]o the extent that any defendant herein filed for, or obtained relief in, a bankruptcy, [Plaintiff] neither states nor implies that said defendant is personally liable for [Plaintiff's] damages, absent a revocation of any applicable discharge."  (Doc. No. 1, ¶¶ 34, 43.)  Plaintiff's allegations in paragraphs 34 and 43 appear to be an admission that Plaintiff is not attempting to hold Defendants personally liable.  If Plaintiff is not attempting to hold Defendants personally liable, then he is not suing them in their official capacities.  Thus, the Court does not construe Plaintiff's Complaint to be aimed at Defendants in their individual capacities.

In light of the above, the Court finds that the Complaint fails to provide adequate notice to Defendants Warden McConahay and Corrections Officers John/Jane Does 1-25 that they are being sued in their individual capacities.  *See, e.g.*, *Moralez v. EEOC*, 2019 WL 1369980, at *2 (W.D. Mich. Feb. 25, 2019) (finding federal defendants were sued in their official capacities, in part, because "Plaintiff's motion for mandamus/complaint fails to provide adequate notice to [defendants] that they

6

face personal liability in this matter"), *adopted by*, 2019 WL 1367761 (W.D. Mich. Mar. 26, 2019); *compare Moore v. City of Harriman*, 272 F.3d 769, 773-74 (6th Cir. 2001) (finding defendants to be on notice when complaint addressed the defendant officers as "individual defendants" "acting for themselves," and when plaintiff responded to the motion to dismiss clarifying that the defendant officers were being sued in their individual capacities).  Accordingly, the Court finds that Plaintiff sued Defendants Warden McConahay and Corrections Officers John/Jane Does 1-25 in their official capacities only.

Even if the Court assumed *arguendo* that Plaintiff sued Defendants Warden McConahay and Corrections Officers John/Jane Does 1-25 in their individual, and not just their official capacities, the Court would nevertheless conclude that Plaintiff fails to state a claim for which relief can be granted as to, at a minimum, Defendants Warden McConahay and Corrections Officers John/Jane Does 4-25.[3]

As to Count One, Defendants argue that the Court should dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff has failed to "allege any conduct on the part of each individual Defendant that constitutes a violation of a right secured by the federal Constitution," as is required to state a claim under 42 U.S.C. § 1983.  (Doc. No. 4 at 13-15.)  In opposition, Plaintiff reasserts his argument that Defendants violated Plaintiff's civil rights in violation of 42 U.S.C. § 1983.  Further, Plaintiff asserts that "[t]here is no indication that Defendants John Does 1 to 3 were

---

[3] Arguably, Plaintiff's Complaint also fails in this regard as to Defendants Corrections Officers John/Jane Doe 1-3 as well.  Plaintiff's Complaint only references Defendants Corrections Officers John Does 1-3 in two paragraphs and does nothing to delineate them from the "various above captioned corrections officers" grouping in Counts One and Two. (Doc. No. 1.)  However, the Court finds that even if Plaintiff had sued Defendants Corrections Officers John/Jane Doe 1-3 in their individual capacities, and even if Plaintiff's claims against Defendants John-Jane Does 1-3 sufficiently allege specific actions on their behalf, Plaintiff is time barred from naming new defendants (*see infra*).

making a good faith effort to maintain or restore discipline when they entered [Plaintiff's] prison cell to beat [Plaintiff] within an inch of [his] life in violation of the Eighth [A]mendment." (Doc. No. 5 at 6.)  The Court agrees with Defendants that Plaintiff failed to allege specific conduct on behalf of Defendants Warden McConahay and Corrections Officers John/Jane Does 4-25.

To state an individual-capacity claim against a government official, "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights." *Frazier v. Michigan*, 41 Fed. Appx. 762, 764 (6th Cir. 2002); *see also Fluker v. Cuyahoga Cty.*, 2019 WL 3718619, at *6 (N.D. Ohio Aug. 7, 2019).  Further, Plaintiff must plead how each individual defendant caused the Plaintiff's alleged constitutional harm.  *See Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right.").  A prison official's deliberate indifference violates an inmate's rights when "the indifference is manifested by . . . prison guards in intentionally denying or delaying access to medical care" for a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).

Taking Plaintiffs' allegations in Count One as true, the Court concludes that Plaintiff fails to state an individual-capacity claim against Defendants Warden McConahay and Corrections Officers John/Jane Does 4-25.  Critically, Plaintiff pleads no facts whatsoever that suggest that, or how, or when, Defendant Warden McConahay or any of the unnamed Corrections Officer John/Jane Does 4-25 were personally involved in, or responsible for, the alleged harm Plaintiff suffered.  Aside from conclusory allegations that "the various above captioned corrections officers and the State of Ohio acted with a perverse disregard of a known risk in injuring" Plaintiff, and "the various above

8

captioned corrections officers and the State of Ohio [acted with] deliberate indifference in failing to provide medication to [Plaintiff] despite being aware of the medical necessity," Plaintiff offers no facts that connect Defendant Warden McConahay or any of the unnamed individual Corrections Officer John/Jane Does 4-25 with the alleged constitutional violations.

Moreover, Plaintiffs do not attempt to distinguish any of the officers' conduct from one another's conduct.  Instead, Plaintiff lumps the "various above captioned corrections officers" into one category.  (Doc. No. 1, 4-7.)  Plaintiff's categorical references to the "various above captioned corrections officers" throughout the Complaint are insufficient to allege specific actions on Defendant Warden McConahay or any of the unnamed Corrections Officers John/Jane Does 4-25's behalf.  *See Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (affirming district court's dismissal of individual-capacity claims against two defendants because the complaint made "only categorical references to 'Defendants'").  Accordingly, Plaintiff fails to state a claim upon which relief can be granted as to Defendants Warden McConahay and Corrections Officers John/Jane Does 4-25 in their individual capacities under Count One.

As to Count Two, Defendants argue that Plaintiff's claims fail because *respondeat superior* liability is not available under 42 U.S.C. § 1983.  (Doc. No. 4 at 10-11.)  Plaintiff does not address this argument in his Memorandum Contra.  (Doc. No. 5.)  The Court agrees with Defendants.

A supervisor is not liable under Section 1983 "for failing to train unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.  At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'"  *Phillips v. Roane Cty., Tenn.*, 534 F.3d 531, 543 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)).

9

Because "[s]upervisors are often one step or more removed from the actual conduct of their subordinates . . . the law requires more than an attenuated connection between the injury and the supervisor's alleged wrongful conduct." *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016).

In the instant case, Plaintiff does not plausibly allege any facts about the specific conduct of Defendants Warden McConahay and Corrections Officers John/Jane Does 4-25, or that they implicitly authorized, approved, or knowingly acquiesced in the allegedly unconstitutional conduct at issue. *Heyerman v. Cty. of Calhoun*, 680 F.3d 642, 648 (6th Cir. 2012); *cf. Coley v. Lucas Cty., Ohio*, 799 F.3d 530, 542 (6th Cir. 2015) (concluding that the plaintiff sufficiently alleged a county sheriff's knowing acquiescence in unconstitutional conduct by alleging that the sheriff intentionally covered up his subordinates' unconstitutional conduct to federal investigators).  Rather, Plaintiff generally contends that "the various above captioned corrections officers and the State of Ohio" failed to train the corrections officers and had policies that played a part in the constitutional violations Plaintiff endured.  As the Sixth Circuit explained in *Moderwell*, while Plaintiff "need not set down in detail" all of the particularities of his claims against the defendants, Plaintiff must at least allege some facts related to his individual capacity supervisory liability claims against Defendants Warden McConahay and Corrections Officers John/Jane Does 4-25.  *Moderwell v. Cuyahoga Cty.*, 997 F.3d 653, 665 (6th Cir. 2021) (quoting *Hart v. Hillsdale Cty.*, 973 F.3d 627, 638 n.4 (6th Cir. 2020)).  Plaintiff's Complaint fails to do so.  Therefore, Count Two must be dismissed for failure to state a claim upon which relief can be granted as to Defendants Warden McConahay and Corrections Officers John/Jane Does 4-25.

    **B.**    **Defendants Are Entitled to Immunity under the Eleventh Amendment.**

Defendants argue that they are entitled to immunity from Plaintiff's claims under the Eleventh Amendment.  Specifically, Defendants assert that sovereign immunity precludes Plaintiff's claims against the State of Ohio and ODRC, as an arm of the state, and Warden McConahay and Corrections Officers John/Jane Does 1-25, as they are being sued in their official capacities.  (Doc. No. 4 at 5-6, 9-10.)  In opposition, Plaintiff argues that "these defendants cannot escape liability for violating [Plaintiff's] constitutional rights under 42 U.S.C. § 1983 with an Eleventh Amendment defense." (Doc. 5 at 7.)  The Court agrees with Defendants and finds that the Eleventh Amendment bars Plaintiff's claims against Defendants.

Eleventh Amendment sovereign immunity "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments by citizens of another state, foreigners or its own citizens." *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993).  It also extends to suits against state agencies or departments, as well as to "suit[s] against state officials when 'the state is the real, substantial party in interest.'"  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-101 (1984) (citation omitted).  As the United States Supreme Court has explained, a suit against a State, a state agency or its department, or a state official is in fact a suit against the State and is barred "regardless of the nature of the relief sought."  *Id*. at 100-02.  The Eleventh Amendment "also bars suits for monetary relief against state officials sued in their official capacity."  *Thiokol Corp.*, 987 F.2d at 381.

In *Walker v. Mich. Dep't of Corrections*, the plaintiff brought a Section 1983 claim against the Michigan Department of Corrections.  128 Fed. Appx. 441, 445 (6th Cir. 2005).  The Sixth Circuit upheld the district court's dismissal of the plaintiff's claims against the Department of Corrections under the Eleventh Amendment.  *Id.*  The court concluded that the Eleventh Amendment barred the

11

plaintiff's suit against the Department of Corrections because "state agencies, including corrections departments and defendants in their official capacities, cannot be sued for monetary damages without the state's consent, pursuant to the Eleventh Amendment." *Id.*

Because the Eleventh Amendment has been clearly construed to bar suits against a state by its own citizens, as well as to suits against state agencies where the state is the real party in interest, *see, e.g.*, *Pennhurst State Sch. & Hosp.*, 465 U.S. at 100-101, this Court finds that the State of Ohio and ODRC, a state agency, are entitled to immunity under the Eleventh Amendment.  Here, Plaintiff brought claims against the State of Ohio and ODRC, which is an arm of the State of Ohio.  *See Walker*, 128 Fed. Appx. at 445.  Thus, Plaintiff's claims against the State of Ohio and ODRC are necessarily barred by the Eleventh Amendment.

Additionally, the Court concludes that Eleventh Amendment immunity applies to Plaintiff's official-capacity claims against Defendants Warden McConahay and Corrections Officers John/Jane Does 1-25.  In *Smith v. DeWine*, the plaintiffs brought Section 1983 claims against the Governor of Ohio and ODRC's Director in their official, not individual, capacities.  *Smith v. DeWine*, 476 F. Supp. 3d 635, 642 (S.D. Ohio 2020).  The district court concluded that Eleventh Amendment immunity extended to those state officials sued in their official capacities.  *Id.* at 650.  Likewise, here, Plaintiff brought claims against Warden McConahay and Corrections Officers John/Jane Does 1-25 in their official capacities only.  Thus, the Court concludes that Eleventh Amendment immunity extends to these state officials in their official capacities.  *See id.* at 650; *see also Heike v. Guevara*, 654 F. Supp. 2d 658, 671 (E.D. Mich. 2009).

While there are three well-established exceptions to Eleventh Amendment immunity: (1) congressional abrogation; (2) waiver by the State; and (3) "a suit against a state official seeking

prospective injunctive relief to end a continuing violation of federal law," *Carten v. Kent State Univ.*, 282 F.3d 391, 398 (6th Cir. 2002), Plaintiff has not argued or demonstrated that an exception to immunity applies. Therefore, the Eleventh Amendment bars Plaintiff's federal claims against Defendants. Accordingly, Plaintiff's federal law claims against all Defendants are dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

> **C.** **Plaintiff's Claims Against Unnamed Corrections Officers John/Jane Does 1-25 Are Time-Barred.**

Even if the Court assumed *arguendo* that Plaintiff sued Warden McConahay and Corrections Officers John/Jane Does 1-25 in their individual, and not just their official capacities, and even assuming *arguendo* that sufficient facts have been plead against them upon which relief can be granted, the Court would nevertheless further conclude that Plaintiff's claims as to Corrections Officers John/Jane Does 1-25 are time-barred.

Defendant argues that the Court should dismiss unnamed Defendants Corrections Officers John/Jane Does 1-25 because they are barred by the statute of limitations. (Doc. No. 1 at 15-19.) Plaintiff argues that because he previously requested prison records to learn the identity of Defendants Corrections Officers John/Jane Does 1-3, but was not provided such records:

> Justice clearly provides [Plaintiff] the opportunity to learn the actual names of Defendants John Does 1 to 3 and the substitution, amendment, of [Plaintiff's] pleadings herein to include the actual names of Defendants John Does 1 to 3 should relate back to [Plaintiff's] Complaint filing herein because these defendants received notice of this action by their employer and their counsel with the Ohio Attorney General's office.

(Doc. No. 5 at 7.) The Court agrees with Defendants that the claims against Corrections Officers John/Jane Does 1-25 are time-barred and must be dismissed under Fed. R. Civ. P. 12(b)(6).

At issue is Federal Rule of Civil Procedure 15(c), which provides, in relevant part, as follows:

**(c) Relation Back of Amendments.**

13

**(1) When an Amendment Relates Back.** An amendment to a pleading relates back to the date of the original pleading when:

    \* \* \*

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

    (i)  received such notice of the action that it will not be prejudiced in defending on the merits; and

    (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

In the Sixth Circuit, courts interpret Rule 15(c)(1)(C) "strictly." *See Brown v. Cuyahoga Cty.*, 517 Fed. Appx. 431, 435 (6th Cir. 2013); *North v. Cty of Cuyahoga*, 2017 WL 3065502, at *8 (N.D. Ohio July 19, 2017).  Of particular relevance herein, the Sixth Circuit has found that the substitution of a "John Doe" defendant with a named party is not a "mistake concerning the proper party's identity" for purposes of Rule 15(c)(1)(C)(ii) but is, instead, an addition of a new party.  *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 319 (6th Cir. 2010); *see also Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (holding that substituting a named defendant for a "John Doe" defendant is considered an addition of parties rather than a mere substitution of parties).  The term "mistake" as used in Rule 15(c)(1)(C)(ii) means an actual mistake, not an absence of knowledge.  *See Brown*, 517 Fed. Appx. at 434-35; *North*, 2017 WL 3065502, at * 8.  As the Sixth Circuit has explained, this understanding of the Rule prevents "eleventh-hour lawsuits with placeholder

14

defendants designed to frustrate the operation of a statute of limitations."  *Brown*, 517 Fed. Appx. at 435 (citing Cox, 75 F.3d at 240).

Rule 15(c) does not offer a remedy for situations where plaintiffs wait until the last day to file and do not leave any time to identify defendants within the relevant time.  *See Smith v. City of Akron*, 476 Fed. Appx. 67, 69 (6th Cir. 2012) ("The Rule allows relation back for the mistaken identification of defendants, not for defendants to be named later through 'John Doe,' 'Unnamed Defendants' or other missing appellations."); *see also Rayfield v. City of Grand Rapids, Mich.*, 768 Fed. Appx. 495, 502 (6th Cir. 2019).

For example, in *Smith v. City of Akron*, the plaintiff named John and Jane Doe Nos. 1-10 as defendants in his complaint and then amended his complaint after the statute of limitations expired to name two of the defendants.  476 Fed. Appx. at 68-69.  The Sixth Circuit concluded that the plaintiff's time to amend his complaint under Rule 15 had expired and the plaintiff could no longer state a claim against the unnamed defendants.  *Id.* at 69 ("Because he waited until the last day of the two-year limitations period to file his complaint, that left no time to discover the identity of his arresting officers within the relevant time.").  Accordingly, the court affirmed the dismissal of the complaint against the newly named defendants on statute of limitations grounds.

Here, because Plaintiff filed the instant suit on the last day of Ohio's two-year statute of limitations and failed to identify Defendants Corrections Officers John/Jane Does 1-25, Plaintiff cannot amend his Complaint to add new parties.  Thus, Plaintiff's claims against these defendants must be dismissed.  Plaintiff's argument that "justice clearly provides" that he be allowed to amend his Complaint to identify the John/Jane Doe Defendants is unavailing.  Though not argued by Plaintiff, Ohio arguably has "more permissible John Doe pleading standards," but Plaintiff has failed

to argue or demonstrate that he has satisfied Ohio's John Doe pleading standards. *See Smith*, 476 Fed. Appx. at 70 (citing *Erwin v. Bryan*, 929 N.E.2d 1019, 1026 (Ohio 2010) (holding that plaintiff must state that the defendant's name could not be discovered, sufficiently identify the defendant to facilitate obtaining service, and personally serve the summons on the defendant under Ohio law)). As such, Plaintiff's claims against Defendants Corrections Officers John/Jane Does 1-25 are subject to dismissal on these grounds as well. *See Miller v. Shults*, 2021 WL 2168952, at *6 (E.D. Tenn. May 27, 2021) (dismissing John Doe defendants *sua sponte* when the statute of limitations had run).[4]

### D. State law claims

Plaintiff's remaining two claims arise under Ohio law, and diversity jurisdiction is lacking in this case. Pursuant to 28 U.S.C. § 1367(c)(3), district courts may decline to exercise supplemental jurisdiction over state law claims once they have dismissed all claims over which they had original jurisdiction. "In determining whether to retain jurisdiction over state-law claims, a district court should consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'" *Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). However, "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996). Having disposed of Plaintiff's federal claims and considering the relevant factors, the Court declines to exercise supplemental jurisdiction over the

---

[4] Because the Court dismisses Plaintiff's claims against the Defendants, it need not reach Defendants' argument that they are entitled to qualified immunity. (Doc. No. 4 at 19-21.)

16

remaining state law claims and dismisses them without prejudice.[5]  *See Shaver v. Brimfield Twp.*, 628 Fed. Appx. 378, 384 (6th Cir. 2015) ("[B]ecause the district court properly dismissed the Estate's federal claims, it did not abuse its discretion when it declined to exercise jurisdiction over the Estate's state law claims.").

**IV.**    **Conclusion**

For the reasons set forth above, Defendants' Motion to Dismiss (Doc. No. 4) is GRANTED.


**IT IS SO ORDERED.**


                                                                   *s/Pamela A. Barker*
                                                                   PAMELA A. BARKER
Date:  May 18, 2022                        U. S. DISTRICT JUDGE

---

[5] Because the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, it will not address Defendants' argument that Ohio Revised Code § 9.86 entitles them to immunity from civil liability.  (Doc. No. 4 at 8-9.)